IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK JOSEPH PERRI, Jr. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI, Acting | : | |
| Commissioner of Social Security | : | NO.  22-702 |

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY, U.S.M.J.                                                                August 29, 2022

For a second time, Frank Joseph Perri, Jr., ("Plaintiff") seeks review of the Commissioner's ("Defendant") decision denying his claim for disability insurance benefits ("DIB"), which he originally filed on January 3, 2016.  Tr. at 67, 158.  When the case first came to the court, I granted Defendant's uncontested motion for remand of the May 18, 2019 decision of Administrative Law Judge ("ALJ") John Gehring, specifically to allow further development and re-evaluation of the record.  Perri v. Comm'r of Soc. Sec., Civ. No. 19-2349, Doc. 13 (November 12, 2019).  After such development and three administrative hearings before ALJ Jon Lyons, see tr. at 541-58 (July 15, 2021), 559-77 (November 17, 2020), 578-610 (June 9, 2020), and following the death of ALJ Lyons, ALJ Robert Ryan denied Plaintiff's claim.  Id. at 514-33 (November 10, 2021).  For the reasons that follow, I will again grant Defendant's uncontested remand motion.[1]

---

[1] The parties consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  See Standing Order, In RE:  Direct Assignment of Social Security Appeal Cases to Magistrate Judges (Pilot Program) (E.D. Pa. Sept. 4, 2018); Doc. 4.

The record establishes that Plaintiff, who was born on December 2, 1966, and suffered a skull fracture in 2008, with resultant neurocognitive impairment and migraines, and later developed neck and back pain.  Tr. at 158, 307, 484, 501, 1190, 1195.  At the time of my earlier consideration of the case, no treatment provider had offered a functional residual functional capacity ("RFC") assessment, and the first ALJ gave only partial weight to the consultative examiner's physical RFC assessment.  Id. at 31.  Following that earlier decision, Plaintiff continued treatment for neck pain, headaches, and lower back pain.  Tr. at 1191-1269 (6/1/18 - 4/17/20 – S.E. PA Pain Management).  Examination by Plaintiff's primary care physician, Drew Rowan, M.D., noted pain with neck movement, and tenderness over the left side of Plaintiff's head.  Id. at 1314 (5/18/20).

Dr. Rowan completed a physical RFC assessment on May 18, 2020, noting diagnoses of chronic migraines, chronic neck pain, lumbar and cervical disc disease.  Tr. at 1186.  The doctor found that Plaintiff could rarely lift less than 10 pounds, sit and stand/walk for less than 2 hours in a workday and would need to shift from sitting to standing to walking, and could rarely perform crouching, stooping, twisting, climbing stairs, or kneeling.  Id. at 1187-88.  In addition, Philip Sasso, M.D., from S.E. PA Pain Management, testified at the July 15, 2021 administrative hearing.  Id. at 543-56.  The doctor testified that Plaintiff has been treated for chronic pain with injections to the left temporal area of the skull and with opioids.  Id. at 543.  He has also undergone diagnostic nerve blocks to the joints of his neck and ablation, which the doctor described as numbing the joints of the cervical spine to decrease referred pain that goes to his neck,

and cervical and lumbar epidural steroid injections. Id. at 544. Although Plaintiff's doctors have sought to reduce Plaintiff's narcotic regimen, Dr. Sasso noted that he has been unable to reduce his narcotics any further and noted cognitive side effects due to the medication. Id. at 547-48. The doctor also said that it would be difficult for Plaintiff to perform even a simple job full time. Id. at 556.

In his Brief and Statement of Issues, Plaintiff complains that the ALJ (1) failed to explain his rejection of limitations found by a medical source whose opinion the ALJ found persuasive, and (2) ignored significant record evidence in evaluating Plaintiff's subjective complaints. Doc. 6 at 4-15.[2] Defendant has filed an uncontested motion to remand, acknowledging that "further evaluation of Plaintiff's claim is warranted." Doc. 7 ¶ 2.

I agree that remand is appropriate. Plaintiff argues that this is a highly unusual case because the ALJ who conducted the administrative hearings – and heard the testimony of two physicians and Plaintiff himself -- was not the ALJ who decided the case. Doc. 6 at 8. This is especially important considering the ALJ must consider Plaintiff's complaints of pain and the effects of Plaintiff's pain medication. In addition, it is troubling that Defendant specifically asked this court to remand the case for further development of the record in 2019, see Perri v. Comm'r of Soc. Sec., Civ. No. 19-2349, Doc. 12 ¶ 2, but then the ALJ rejected the opinion evidence of Plaintiff's treating

---

[2]Pinpoint citations to the briefs filed in this court will be to the court's ECF pagination.

physicians because the opinions post-dated the expiration of Plaintiff's insured status.[3] Tr. at 528 (giving no significant weight to portions of the opinion of Greg Grabon, M.D., as provided nearly two years after date last insured), 529 (no significant weight to Dr. Roman's opinion because he began treating after date last insured), 529-30 (giving no significant weight to Dr. Sasso's opinion for functioning prior to date last insured because another member of Dr. Sasso's practice treated Plaintiff prior to date last insured). On remand, it is incumbent upon Defendant to inquire of Plaintiff's physicians if their opinions regarding Plaintiff's limitations predate March 31, 2016, based on their review of Plaintiff's medical record.[4]

---

[3]To be entitled to DIB, Plaintiff must establish that he became disabled on or before his date last insured, see 20 C.F.R. § 404.101(a), which was March 30, 2016. Tr. at 515. I note that one of the disability worksheets included in the record indicate that Plaintiff's insured status expired on December 31, 2015. Id. at 67. However, the Certified Earnings Record indicates a date last insured of March of 2016. Id. at 192.

[4]Plaintiff also argues that the ALJ and Appeals Council members who adjudicated his claim were not properly appointed because former Acting Commissioner Nancy Berryhill, who appointed the relevant ALJ and Appeals Council members, had served beyond the 210 days permissible by the Federal Vacancies Reform Act, 5 U.S.C. § 3346(a), at the time she confirmed the appointments of the ALJ and Appeals Council members. Doc. 6 at 15-16. Because I am remanding the case for further evaluation, I need not address this argument at this time.